WADE-STEVENS LUMBER CO. *v.* ADDY.

(Division B. March 4, 1940. Suggestion of Error Overruled April 1, 1940.)

[194 So. 303. No. 34079.]

C. E. Johnson, of Union, and D. M. Anderson, of Newton, for appellant.

H. R. Stone, Sr., of Decatur, for appellee.

Argued orally by **D. M. Anderson**, for appellant, and by **H. R. Stone, Sr.**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Wade-Stevens Lumber Company, engaged in the business of manufacturing lumber, operated in connection therewith a cut-off saw and planer. The length of lumber would be placed on the conveyor, to be sawed into the required lengths, the sawed-off ends dropping to the floor, making it necessary to remove the accumulation from time to time. Floyd Addy was operating the planer, near the cut-off saw; and when the saw struck one of the accumulated ends, it was hurled against the

appellee's knee, inflicting the injury which is the basis of this suit for damages. The dispute in regard to the facts of the case turned on whether or not it was the duty of Floyd Addy to remove these sawed-off ends of lumber to make a safe place in which to work; or whether it was the duty of the operator of the cut-off saw to remove them. Also, whether or not Floyd Addy was to control the man operating the saw.

Addy testified that he was never assigned any duty to control the man operating the cut-off saw, and was not told to remove the accumulation of cut-off ends resulting from operation of the saw. The local manager of· the plant testified that this duty was assigned to Addy by instructions given him; and that he was in control of the operator of the cut-off saw. An employee of the company who had operated the planer, and whose place was taken by Addy on the occasion in question, testified that if any instructions were given as to who should keep the cut-off debris from accumulating he knew nothing of it—that he did not instruct Addy that he was under such duty.

It is unnecessary to state the pleadings upon this proposition, as they adequately present the issue of fact for the consideration of the jury. It is manifest that if these cut-off ends of boards were allowed to pile up until the saw came in contact with them, this constituted a dangerous place in which to work. It is indisputable that the nondelegable duty rests upon the master to make reasonable effort to provide a reasonably safe place for his employees to work.

The question was submitted to the jury; and among other instructions given the jury was one requested by the plaintiff, that unless the plaintiff was guilty of negligence in the matter of removing the accumulation of sawed-off ends, the jury should return a verdict for him. It is contended that this constituted, in effect, a peremptory instruction upon the piont in dispute. We do not think so. There was a conflict in the testimony as to whose duty it was to attend to this matter; and if it was

not Addy's duty to remove the accumulation, under his employment, and he was not negligent for this reason, he would then be entitled to recover for his injury. We think this question was properly submitted to the jury on the simple issue as to whether or not it was Addy's duty to make the place safe, or whether it was the duty of another employe, acting for the master in that regard, to require him to keep the place safe. If Addy was charged with this duty, was instructed to perform it, he could not, of course, recover because of his injuries resulting from his own negligence, or where the right of recovery had to be traced to the master through Addy, to make the place reasonably safe, or to use reasonable effort to achieve that end.

The question in dispute was one for the jury as to liability, and we think the jury were properly instructed in that regard. There was a verdict for $1,500, which on motion for a new trial was alleged to be excessive; the motion was overruled; and it is here claimed that the verdict was excessive.

The testimony of the plaintiff, and of his wife, if true, showed permanent injury, and much suffering therefrom, which is corroborated to a certain extent by the physician who treated Addy. If he suffered to the extent claimed, and if his injury interfered with his working, as he testified, the verdict would not be excessive. We think this is also a question for the jury, on the evidence, and that there is no reversible error on that point.

It follows that the judgment must be affirmed.

Affirmed.